**\*AMENDED (March 8, 2011)**
**HLD-108    (February 28, 2011)**                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-1492
_____

In re: JOSE RODRIGUEZ,
                                                        Petitioner
_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of New Jersey
(Related to D.N.J. Civ. No. 10-cv-00949)
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
February 28, 2011
Before:  McKEE, Chief Judge, and ALDISERT and WEIS, Circuit Judges

Opinion filed: April 21, 2011
_____

OPINION
_____

PER CURIAM.

On February 16, 2011, Jose Rodriguez filed this pro se mandamus petition

pursuant to 28 U.S.C. § 1651, seeking an order that the District Court be compelled to act

upon his pending motion to vacate his federal drug conviction.  See United States v.

Hardwick, 544 F.3d 565 (3d Cir. 2008) (affirming Rodriguez's conviction on direct

appeal).  The mandamus petition will be denied without prejudice.

1

Mandamus is a drastic remedy available only in the most extraordinary of circumstances. In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005). It is not a substitute for an appeal. In re Chambers Dev. Co., 148 F.3d 214, 226 (3d Cir. 1998). To demonstrate that mandamus is appropriate, a petitioner must establish that he has "no other adequate means" to obtain the relief and that he has a "clear and indisputable" right to issuance of the writ. Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996).

In his petition, Rodriguez "contend[s] that he is lawfully mandated to have his [§ 2255 motion] . . . responded to in a timely fashion." He is incorrect. As a general rule, the manner in which a court disposes of cases on its docket is within its discretion. See In re Fine Paper Antitrust Litig., 685 F.2d 810, 817 (3d Cir. 1982). Indeed, given the discretionary nature of docket management, there can be no "clear and indisputable" right to have the district court handle a case on its docket in a certain manner. See Allied Chem. Corp. v. Daiflon, Inc., 449 U.S. 33, 36 (1980).

Nevertheless, mandamus may be warranted where a district court's delay is tantamount to a failure to exercise jurisdiction. Madden, 102 F.3d at 79. This case, however, does not present such a situation. Rodriguez filed his motion to vacate, under 28 U.S.C. § 2255, on February 17, 2010. The Government filed its response to the motion on September 21, 2010, and Rodriguez filed a "traverse in rebuttal" on October 8, 2010. Roughly five months have passed since then, without further action on the District

2

Court's docket. This delay "does not yet rise to the level of a denial of due process." Id.

We have the utmost confidence that the District Court will rule on Rodriguez's § 2255

motion in due course.[1]

---

[1] Rodriguez's motion under Fed. R. App. P., Rule 42(b) to voluntary dismiss the appeal is denied. We appreciate Rodriguez's concern for his effect on the expenditure of judicial resources, and further note that Rodriguez has not been, nor will he be, prejudiced for having filed this mandamus petition.